### 7905

### HASELDEN v. HASELDEN.

1. DOWER.—Under a parol partition completed by deeds, conveyance to the wife and mother of her thirds and dower conveys her dower interest.

2. SPECIFIC PERFORMANCE.—Where an act is decreed in specific performance it is to be regarded as done whether the parties actually do it or not, and the judgment is binding on the heirs of the negligent party.

3. CIRCUIT DECREE corrected here by insertion of word evidently omitted.

Before GAGE, J., Berkeley, May, 1910.    Affirmed.

Action by Rebecca Haselden against Herbert D. Haselden, Atlantic Coast Lumber Corporation *et al.*

The Circuit decree is:

"This action is for the allotment of dower to the plaintiff, the widow of James H. Haselden, deceased.

"The complaint charges also trespass by the defendant, Atlantic Coast Lumber Corporation, and demands damages therefor.

"The other defendants are the children of James H. Haselden and the plaintiff.

"These children, by answer, concur in the prayer of the complaint.

"The Atlantic Coast Lumber Corporation, by answer, alleges that in August 1906, there was a friendly partition of the lands in issue betwixt the widow and her children, and that mutual deeds were signed and delivered, by the parties, to execute the same.

"That corporation further alleges that it is the owner of the short straw pine lumber of certain sizes situate on the land, with the right to cut and haul it away, and with the usual timber rights in such cases stipulated; and that its entry on the lands was to cut the timber pursuant to its rights.

"The master took the testimony, but made no report thereon.

"Upon the issue of a voluntary partition, the evidence is conclusive against the plaintiff.

"It is evidenced by the testimony of the witnesses and by the deeds.

"The deed from the children to the mother does not (*sic*) declare that the land so conveyed 'is the dower of the said Rebecca from the landed estate of her late husband, James H. Haselden,' but it also declares that the land is 'a one-third of the plantation known as Laurel Hill'—the estate which was being divided.

"The deed therefore declares that the 420 acres so conveyed by the children to the mother was both dower and thirds.

"It was drawn by a layman, and the interchangeable use of the terms, thirds, and dower, is common amongst laymen.

"If the deed conveyed the thirds, the right to dower is gone.

"If the deed conveyed dower, then there is no right in this action to ask the Court to do that which the parties have done for themselves.

"The deed cannot be ignored; it conveyed either thirds or dower, and it makes no difference which.

"But the plaintiff charges that at the time of the execution of the deed, some of the children were minors.

"That fact does not render the act of such grantor void, but only voidable, upon a proper showing that wrong has been done to the minor. There is no such testimony.

"I am, therefore, of the opinion that the prayer for allotment of dower must be refused.

"The second contention of the plaintiff is of a more serious character: it is practically a second cause of action and may or may not have been joined with

the action for partition, but no objection has been made to such joinder.

"It is in effect a suit by the heirs at law of James H. Haselden against the Atlantic Coast Lumber Corporation for trespass.

"The defendant admits the entry and justifies the act.

"It puts in evidence two records entitled *Atlantic Coast Lumber Company* v. *James H. Haselden,* and *In re Atlantic Coast Lumber Co.* v. *James H. Haselden,* and *Atlantic Coast Lumber Corporation, Petitioner, ex rel. Rebecca Haselden et al.,* and it relies upon these to justify its acts.

"To the competency of the first record, the plaintiff made objection, but the master admitted the record.

"An examination of the second record discloses that it was a proceeding brought in 1906 by the plaintiff to open up the first record, and practically the whole of the first record is exemplified in the second record. Therein it appears that about 1899 James H. Haselden made a contract, commonly called an option, with the Atlantic Coast Lumber Company, to sell it the timber on the land in issue for $399; that Haselden refused or neglected to comply with the contract; that in 1900 action for specific performance to that end was begun by the lumber company; that Haselden defaulted; that Judge Watts made a decree, after reference and report by the master, directing a performance of the contract; that four years thereafter Haselden died before he had obeyed the Court's order; that thereafter, about 1904, the Atlantic Coast Lumber Corporation, claiming to be the successor of the Lumber Company, moved a petition in the cause of the *Atlantic Coast Lumber Company* v. *James H. Haselden* for an order directing the master to execute the deed which James H. Hazelden had not executed; that Judge Dantzler, by order, directed the clerk to make the deed, and that the deed was made by the master in March, 1904.

"To this second proceeding the plaintiff was a party, and so were all her children, now all parties hereto. The object of the second proceeding, as stated, was to open the decree of Judge Watts, because James H. Haselden had never been served in that action, and because he had been defrauded and overreached and because he was incapable of making the contract and perhaps upon other and minor grounds. There was full showing, pro and con; the cause was heard by Judge Memminger, and he refused the motion in a careful order. From that order, there was no appeal.

"The contention of the plaintiff now is that Judge Dantzler had no jurisdiction to bind Rebecca and her children by the order he made; that the order did not bind James H. for he was dead; and it did not bind the widow and children, for they were not before the Court; that the deed by the master, therefore, conveyed nothing.

"This issue seems not to have been made before Judge Memminger. The petition there does allege that Judge Dantzler's order was made without notice; but Judge Memminger did not pass upon the legal effect of that fact.

"The petition made to Judge Dantzler was *ex parte,* and the record does not show that it was ever served on anybody.

"There is no allegation in the petition against the widow or her children, and the order made no reference to them.

"The whole issue of law is: Did the decree of Judge Watts finally settle the rights of the Lumber Company to the timber, and against James H. Haselden, and that before he made the deed which the decree directed to be made?

"My opinion on that issue is in favor of the Lumber Company.

"The Court might well have provided in the decree that the master should forthwith make the deed to the Lumber Company for Haselden; it had the power to do so, and that practice is often followed. Haselden's failure or refusal to do that which he was directed to do cannot frustrate the judgment of the Court on the issues which were before it.

The making of the deed and the payment of the money were mere formal acts to carry out the judgment of the Court.

"The plaintiff's counsel cited cases from other jurisdictions which seems to me to be in favor of the view I have taken.

"If James H. Haselden was bound by this judgment, then his heirs at law took the estate, *cum onere:* they stand in the shoes of their ancestors.

"I am, therefore, of the opinion that the complaint must be dismissed, and it is so ordered."

Plaintiff appeals.

*Mr. W. St. Julien Jervey,* for appellant, cites : *In construing a deed plain words cannot be ignored:* 1 Green., sec. 275-7 ; 17 Ency. 2 ; 102 U. S. 235 ; 22 Wall. 105-12 ; 15 Wall. 94. *As to election of dower by widow:* 2 DeS. 295 ; 3 Bro. C. C. 255 ; 4 DeS. 295 ; 3 Rich. Eq. 281 ; 29 N. J. Eq. 54 ; 51 N. J. Eq. 491 ; 14 R. I. 375 ; 111 Wis. 208 ; 8 A. & E. Dec. in Eq. 729. *Heirs at law are not bound by ex parte decree in case to which father alone was party made after his death:* 79 S. C. 316 ; 86 S. C. 470 ; Freeman on Jud., sec. 156 ; 56 S. E. 81 ; 47 S. C. 572 ; 38 Ill. 316 ; 20 Ency. P. & P. 518 ; 6 T. B. Mon. 380. *Did title pass by decree?* 44 Ga. 319 ; 26 Ency. 134 ; 20 Ency. 385.

*Messrs. Willcox & Willcox* and *Octavus Cohen,* contra, cite : *Where husband conveys wife must first exhaust unclaimed lands for dower:* 142 N. C. 517. *When widow elects as to dower:* 3 Rich. Eq. 281 ; 2 McM. 218. *Heirs at law of husband are bound by deed made by mother under order of Court:* 11 Ency. 415 ; 1 Black on Jud., sec. 87 ; 2 Id., secs. 517, 534.

May 9, 1911. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for admeasurement of dower.

The facts are fully stated, in the decree of his Honor the Circuit Judge.

The third assignment of error is as follows: "Because his Honor, showed a misapprehension of the evidence in this, he says, the deed from the children to the mother, 'does not (*sic*) declare that the land so conveyed, is the dower of the said Rebecca, from the landed estate of her late husband James H. Haselden.' Whereas, by an inspection of the deed, before the Court, it appears expressly stated in the deed, that this property is set off as dower, in the lands of her husband. Therein he erred."

It appears that the error was merely clerical and that the Circuit Judge intended that the word "only" should be inserted between the words "not" and "declare."

We do not deem it necessary to consider any other exception specifically.

For the reasons assigned by the Circuit Judge, the said decree is affirmed.

MR. JUSTICE WOODS *concurs in the result.*